575 So.2d 294 (1991)
Frank RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1151.
District Court of Appeal of Florida, Fourth District.
February 27, 1991.
*295 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse appellant's convictions and sentences for the purchase of cocaine within 1,000 feet of a school and possession of cocaine and remand for a new trial.
Appellant persuasively contends that the prosecution improperly exercised a peremptory challenge to strike a black juror in direct violation of State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), and State v. Neil, 457 So.2d 481 (Fla. 1984).
In the instant case, the state exercised a peremptory challenge to strike the only black juror on the panel, Marilyn Borson. The act of eliminating all minority venire members, even if their number totals only one, shifts the burden to the state to justify the excusal upon proper defense motion. Reynolds v. State, 576 So.2d 1300 (Fla. 1991). After the state peremptorily excused Borson, the trial court, not defense counsel, initiated the inquiry into the state's reasons. However, when the trial court asks for justification, it is appropriate to examine the answers given. Taylor v. State, 491 So.2d 1150, 1151 (Fla. 4th DCA), rev. denied, 501 So.2d 1284 (Fla. 1986).
During voir dire, the prosecutor essentially asked the members of the venire whether they thought that the statute involved should apply to a person's use of marijuana in their own home, if that home is located within 1,000 feet from a school. Borson responded that it should not. However, when asked the same question, both Judith Browne and Castoria Wilson, both of whom were seated on the jury, gave the identical response. Additionally, Robert Finch, who was also seated on the jury responded, "Not particularly." It should be noted that this question was posed to all the members of the venire before Borson was excused. Therefore, the reason given for striking Borson could have been equally applied to jurors who were not challenged; consequently, the prosecutor's reason is not supported by the record and is presumptively pretextual. Slappy.
The state also contends, however, that Richardson is barred from raising his Neil claim on appeal because defense counsel affirmatively expressed his approval of the jury actually selected shortly after the trial court's inquiry occurred. The state asserts that defense counsel's affirmative statement that he was satisfied with the jury constituted a waiver to any subsequent collateral attack based on Neil grounds. However, at the time defense counsel expressed his approval of the jury, Borson had already been excused. We hold that defense counsel's subsequent expression of approval of the final jury panel fails to constitute such a waiver.
Appellant's alleged criminal acts occurred on January 23, 1988, and both parties agree that this appeal is governed by the double jeopardy principles set forth in Carawan v. State, 515 So.2d 161 (Fla. 1987). Under the Carawan analysis, dual convictions for both the purchase and possession of the same cocaine cannot stand. Accordingly, on remand, the state may proceed with a new trial on only one of these charges. Should the state proceed on the purchase of cocaine within 1,000 feet of a school charge, we in no way limit instruction of the jury on the lesser-included offense of possession so that the jury may exercise its inherent "pardon power." See State v. Wimberly, 498 So.2d 929 (Fla. 1986); State v. Baker, 456 So.2d 419 (Fla. 1984).
GLICKSTEIN, WARNER and GARRETT, JJ., concur.