STONE, Judge.
The Appellant contends that the trial court abused its discretion in allowing the State to challenge a juror of a minority race because of a speech impediment. Appellant also asserts a sentencing error, as the trial court deviated from the guidelines without a valid reason for departure. We *827 affirm the conviction but reverse the sentence and remand for resentencing.
The assistant state attorney, when questioned by the court with respect to the preemptory challenge, contended that the State feared that the speech impediment would prevent the juror from effectively communicating with the other jurors. The trial court was satisfied that this was not a pretext to challenge a juror of a minority race and that the expressed ground, which was obviously supported by the court’s own observation of the juror’s speech, was race neutral. See Reynolds v. State, 576 So.2d 1300 (Fla.1991); Reed v. State, 560 So.2d 203, (Fla.), cert. denied, 498 U.S. 882, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990).
We note that no issue is raised by the parties concerning discrimination against the speech impaired. The record, due to a partially inaudible recording, has been reconstructed by stipulation. It is not possible for this Court to gauge the extent of the speech difficulty. In any event, the trial court was in the best position to do so.
The dissenting opinion argues that there was an absence of evidence in the record that the prospective juror had a speech impediment or had difficulty communicating. However, the transcript does indicate that parts of his answers were inaudible. The trial court asked the State to justify its challenge and allowed the State’s challenge only after the State explained that its reason for challenging Tarver was that he had a speech impediment which could have impacted on his ability to deliberate with the other jurors. The record is broken and poor, but reflects that at one point the court stated:
(inaudible)—record that Mr. Tarver— (inaudible)—juror—(inaudible)—speech impediment—(inaudible)—now whether that’s true or not—(inaudible)—provide a basis for a preemptory challenge.
We accept that if the trial court permitted the juror to be excused based on an argument that the juror had a speech impediment, after stating that the juror could not be excused on the grounds of race, than the trial court must have concluded that there was a factual basis for the State’s concern or it would not have permitted the peremptory excusal. Therefore, the record does contain evidence that the juror had a speech impediment. As the Florida Supreme Court noted in Reed v. State, “only one who is present at the trial can discern the nuances of the spoken word and the demeanor of those involved.” Id. at 206.
The dissent also notes that it is important that the trial court did not strike the juror for cause because of his speech impediment. However, the fact that the trial court did not feel that there was a cause to strike the juror does not eliminate the State’s right to strike a juror, so long as the juror is not being stricken for racially based reasons. The trial court found that the reason given for striking the juror was legitimate and not racially based, and the trial court’s decision should not be reversed on appeal absent a clear abuse of discretion. See McKinnon v. State, 547 So.2d 1254, 1255 (Fla. 4th DCA 1989).
With respect to the sentence, the sole written reason for departure is that the Defendant was on bond at the time of the offense for an alleged assault and battery against the same victim. This is an invalid departure ground, as the Defendant had not been convicted on the bonded charge. E.g. Campbell v. State, 558 So.2d 34 (Fla. 1st DCA 1989), quashed on other grounds, 577 So.2d 932 (Fla.1991); Gonzalez v. State, 581 So.2d 648 (Fla.2d DCA 1991).
OWEN, WILLIAM C., Jr., Senior Judge, concurs.
ANSTEAD, J., dissents with opinion.