656 So.2d 195 (1995)
Bobby Wayne STROUD, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01125.
District Court of Appeal of Florida, Second District.
May 12, 1995.
Rehearing Filed June 12, 1995.
*196 William P. Murphy, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Helene S. Parnes, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Bobby Wayne Stroud, challenges the trial court's judgment and sentence. We find that the trial court erred in permitting the state's peremptory challenge of a prospective juror and, accordingly, reverse and remand for a new trial.
The appellant was charged with criminal mischief of more than $1000 damage to a motor vehicle, in violation of section 806.13(1)(b)3, Florida Statutes (1991). During voir dire, the trial court asked the jury panel as a whole various general questions. The prosecutor also asked the prospective jurors individually what they thought about the criminal justice system. Ms. Council, a prospective black juror, responded to that question by stating, "I feel the system works." Although other questions were asked directly of other members of the panel, no further questions were asked of Ms. Council. The prosecutor peremptorily challenged Ms. Council and the appellant, who was a white male, objected. The trial court subsequently conducted an inquiry pursuant to State v. Neil, 457 So.2d 481 (Fla. 1984), and instructed the prosecutor to give his neutral reasons for excusing Ms. Council. It appears that the prosecutor's reasons for challenging Ms. Council were because he did not like the brief answer she gave to the question regarding what she thought of the criminal justice system and because he wished to get to another juror farther back on the panel. The trial court found that the state had given neutral reasons for exercising a peremptory challenge as to Ms. Council.
The jury subsequently found the appellant guilty of the lesser included offense of criminal mischief, with damage greater than $200 but less than $1000, in violation of section 806.13(1)(b)2, Florida Statutes (1991). The trial court adjudicated him guilty and sentenced him to one year probation, which was to run consecutive to his prison sentence in a different case, and ordered him to make restitution. This timely appeal followed.
The appellant contends that the trial court erred in permitting the state to exercise a peremptory challenge against Ms. Council. We agree.
A Neil inquiry is required when an objection is raised that a peremptory challenge is being used in a racially discriminatory manner. State v. Johans, 613 So.2d 1319 (Fla. 1993). Once a trial judge is satisfied that the complaining party's objection was proper, the other party must rebut by giving a "clear and reasonably specific" racially neutral explanation of "legitimate reasons" for the state's use of its peremptory challenges. State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988) (quoting Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)).
In the instant case, the prosecutor explained that he challenged Ms. Council because he did not like the way she answered the question regarding what she thought of the criminal justice system. However, the prosecutor did not ask Ms. Council to go into detail and explain her answer further. Although Ms. Council's answer that she felt the *197 criminal justice system worked was brief, other juror responses to the same question were also brief. Furthermore, that was the only question asked of Ms. Council directly. The prosecutor also explained that he challenged Ms. Council because he wished to get to another juror farther back. In such a situation, however, it is incumbent on the prosecutor to give nonracial reasons for having challenged the black jurors rather than the white jurors in his effort to make room for the new persons he sought to have join the panel. Kibler v. State, 546 So.2d 710 (Fla. 1989). The prosecutor in the instant case failed to provide such a nonracial reason.
We, therefore, find that the prosecutor's explanations for challenging Ms. Council did not satisfy the state's required burden of showing that the challenge was not exercised solely on the basis of race. Accordingly, we reverse and remand for a new trial.
Reversed and remanded.
RYDER, A.C.J., and SCHOONOVER and QUINCE, JJ., concur.