659 So.2d 1346 (1995)
Jonathan BERNARD, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2164.
District Court of Appeal of Florida, Fifth District.
September 8, 1995.
*1347 James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for appellee.
THOMPSON, Judge.
Jonathan T. Bernard appeals his judgment and sentence for carrying a concealed firearm and possession of a firearm by a convicted felon. Bernard's sole argument on appeal is that the trial court erred when it allowed the state to use a peremptory challenge to strike a Hispanic-American from the jury venire because the state did not have a race-neutral reason for the peremptory strike. We reverse.
During voir dire, the state used a peremptory challenge to remove a Hispanic-American from the panel. The state asked no questions of the Hispanic-American venire member before exercising its challenge. Bernard's attorney objected when the state struck the Hispanic-American, arguing that the only reason the state struck her was because she was a minority. The trial court conducted a Neil[1] inquiry and required the state to give a reason why the Hispanic-American was removed from the venire panel. The state asserted that she was removed because she made a facial expression indicating disapproval of a remark made by another juror.[2] The state said that she gave the juror a look like she was saying, "oh, really." The state argued to the trial court that it was concerned that she might have a difficult time working with the juror who made the statement. The court ruled that the state had provided a race-neutral reason for the peremptory challenge. The trial court proceeded to swear the jury over defense objection. Bernard's attorney accepted the jury but with the caveat "other than the fact that our previous objection is still on the record for this jury."
Florida courts have recognized that peremptory challenges cannot be used for racial reasons to exclude distinct racial groups from serving on juries. When it is established that peremptory challenges are being used for this purpose, courts must intervene to ensure that a cross-section of the community is not prevented from serving on juries. State v. Neil, 457 So.2d 481, 486 (Fla. 1984). The use of peremptory challenges for racial reasons deprives minority citizens of their constitutional right not to be excluded from jury service. Id. at 487. The proper remedy for an improperly exercised peremptory challenge is reversal of the judgment entered in the case. Jefferson v. State, 595 So.2d 38, 40 (Fla. 1992). In this case, a member of a distinct racial group was excluded from the venire. Hispanic-Americans are a cognizable class entitled to protection against discrimination in jury selection. State v. Alen, 616 So.2d 452, 454 (Fla. 1993).
The state argued to the trial court and on appeal that the Hispanic-American's behavior in court, namely her facial expression, was sufficient to establish a basis for peremptory challenge. The state cited her behavior as being potentially disruptive to jury deliberations because her reaction could have affected juror dynamics. See Clayton v. State, 615 So.2d 826, 827 (Fla. 4th DCA) (holding that peremptory challenge was exercised for nonracial reason where juror's speech impediment would have affected juror's ability to effectively communicate with other jurors), review denied, 624 So.2d 265 (Fla. 1993). Pointing out that the trial court conducted a Neil inquiry before ruling and was present to observe actions as they occurred, the state also argued that the trial *1348 court did not abuse its discretion in ruling that a race-neutral reason was given and, therefore, that this court should defer to its ruling. Files v. State, 613 So.2d 1301, 1303 (Fla. 1992). Unfortunately, the reason given by the state is not supported by the record.
Peremptory challenges based on bare looks and gestures are not acceptable reasons unless observed by the trial court and confirmed by the judge on the record. Wright v. State, 586 So.2d 1024, 1029 (Fla. 1991). In this case, the trial court did not confirm the facial expressions, and the record, therefore, does not support the reason the state gave for its challenge. There is no objective basis in the record to support the trial judge's exercise of discretion in allowing the disputed peremptory strike, and a prosecutor's feelings are not enough. See Suggs v. State, 624 So.2d 833, 836 (Fla. 5th DCA 1993). Further, the failure to question a prospective juror may be one indication that a reason given for striking is not well-established. See State v. Slappy, 522 So.2d 18, 23 n. 3 (Fla.) (noting that single question posed to juror could have cleared up issue), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). The state did not establish a record basis for use of the peremptory challenge.
We also disagree with the state's argument that Bernard did not preserve his Neil objection for review. Bernard followed the precise procedural requirement established by the Florida Supreme Court by accepting the jury subject to his earlier Neil objection. See Mitchell v. State, 620 So.2d 1008, 1009 (Fla. 1993). Because the only objections made by the defense concerned exclusions of minorities from the venire, Bernard did not waive his objection. Id. Accordingly, we reverse Bernard's convictions and remand for a new trial.
REVERSED and REMANDED for a new trial.
COBB, J., concurs.
GOSHORN, J., dissents, without opinion.
NOTES
[1] State v. Neil, 457 So.2d 481 (Fla. 1984).
[2] During voir dire, another prospective juror said that his girlfriend had been robbed by a Puerto Rican male.