PER CURIAM.
The defendant, Jack D. Bullock, appeals from his conviction and sentence for manslaughter with a firearm. We reverse.
The defendant, who was charged with first degree murder with a firearm, complains that several errors occurred during the jury selection process. We find that two of these errors were properly preserved and merit discussion.
First, the defendant contends that the trial court abused its discretion by overruling the defendant’s Neil objection to the State’s peremptory challenge of Juror Margareth Pierre Charles. We agree.
During jury selection, the State attempted to exercise a peremptory challenge to strike Juror Charles, and the defendant raised a Neil[1] objection on the basis that she was the fourth black woman that the State *1172 had stricken in the last six strikes. The trial court found that this was a reasonable basis for the objection and proceeded to conduct an inquiry by asking the State to explain its challenge. Although the State acknowledged that Juror Charles seemed to be a “pro State” juror, the prosecutor explained that she did not like Juror Charles’ attitude when she was answering questions, that she got a “bad feeling” about her, that the strike was based on her lack of response, and lastly, that the State would prefer to strike her in favor of another juror. Subsequently, the trial court allowed the State to strike Juror Charles based on her “reluctance.”
We find that the conclusion that Juror Charles was reluctant or non-responsive is not supported by the record and that the remaining reasons propounded by the State are insufficient to rebut the defendant’s assertion that the exercise of the peremptory challenge was racially motivated. Joiner v. State, 618 So.2d 174, 175 (Fla.1993) (The State’s explanation that “I would like to constitute the jury with some people down the line I prefer more....” was an inadequate reason for exercising a peremptory challenge and did not satisfy a Neil inquiry.); Kibler v. State, 546 So.2d 710, 714 (Fla.1989) (The prosecutor’s reason that he preferred other jurors was insufficient to rebut the defendant’s assertion that the exercise of the peremptory challenge was racially motivated.); Suggs v. State, 624 So.2d 833, 836 (Fla. 5th DCA 1993) (A “bad feeling” about a prospective juror is not sufficient to withstand a Neil inquiry because it would be too easy to mask a racially motivated (or other improper) basis for exercising a peremptory challenge.”); Foster v. State, 557 So.2d 634, 635-36 (Fla. 3d DCA 1990) (Prosecutor’s inartieu-lated “feeling” regarding, a prospective juror and the desire to reach another prospective juror were unsatisfactory neutral reasons for the exercise of its peremptory challenges.). Therefore, we find that the trial court abused its discretion by allowing the State to exercise a peremptory challenge against Juror Charles.
Additionally, the defendant complains that the trial court abused its discretion by refusing to allow the defendant to exercise a challenge for cause against Juror Abraham Melendez. Again, we agree and find that this was error where Juror Melendez specifically stated that a person shooting another person that results in death is murder, that there are never circumstances in which murder is justified or excused, and that if the trial court instructed him otherwise, he would have a problem following those instructions. Leon v. State, 396 So.2d 203, 205 (Fla. 3d DCA), review denied, 407 So.2d 1106 (Fla.1981) (“The test for determining the competence of a juror is not whether he will be able to control any bias or prejudice but rather whether he may lay aside those considerations and render his verdict solely upon the evidence presented and the instruction on the law given to him by the court.”).
Because we are required to do so, based on the foregoing reasons, we reverse and remand for a new trial.
Reversed and remanded.

. State v. Neil, 457 So.2d 481 (Fla.1984).