697 So.2d 959 (1997)
Anthony Mark DANIEL, Appellant,
v.
STATE of Florida, Appellee.
No. 95-05248.
District Court of Appeal of Florida, Second District.
August 1, 1997.
*960 James Marion Moorman, Public Defender, Bartow, and Richard J. Sanders, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
QUINCE, Judge.
Anthony Mark Daniel challenges his convictions for five counts of criminal mischief. We reverse the convictions and remand for a new trial because the trial court erred in allowing the state to peremptorily strike the two Hispanic venirepersons.
Daniel and an accomplice were charged with spray painting a church, three commercial buildings, and a Tampa Housing Authority building with derogatory statements against the police and Audley Evans, the director of the housing authority. Count II of the information charged Daniel with felony criminal mischief under section 806.13(1)(b)(3), Florida Statutes (1995). Daniel pleaded not guilty and the case was set for a jury trial.
At trial, only two of the members of the jury panel, Mr. Guillermo and Ms. Ortiz, were of Hispanic descent. During the bench conference, the state sought to strike both Mr. Guillermo and Ms. Ortiz. In response to defense counsel's objection, the prosecutor cited his feeling that Mr. Guillermo "had an amicable relation with [defense counsel]" and stated that he "did not feel comfortable" with Guillermo's responses to the prosecutor's questions.
Regarding Ms. Ortiz, the prosecutor responded that her "specific response concerning... the defendant's right to remain silent... [was] passing judgment on ... the quality of his testimony ... without any knowledge of the facts." The prosecutor also stated that Ms. Ortiz's response to the question indicated bias.
Defense counsel objected to the prosecutor's strikes as being racially motivated and opined that the proffered reasons for striking both Hispanic panel members were pretextual. The trial court summarily concluded that the prosecutor's reasons for striking both panel members were race neutral.
Peremptory strikes based upon race are invalid. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); State v. Alen, 616 So.2d 452 (Fla.1993)(peremptory strikes against Hispanics cannot be based solely on race). Our supreme court has recently confirmed the three step procedure to challenge a race based peremptory strike. Melbourne v. State, 679 So.2d 759 (Fla.1996). As outlined in Melbourne, the defendant must adequately object to the strike on the basis of the prospective juror's status, then the state must provide a race neutral reason for the strike, and finally the trial court must determine whether the stated *961 reason is genuine. Melbourne, 679 So.2d at 764; Hernandez v. State, 686 So.2d 735 (Fla. 2d DCA 1997).
In this case, Daniel specifically objected to the state's striking jurors Guillermo and Ortiz and argued that these strikes were racially motivated. These objections, which specifically identified the jurors' minority status as the basis for their being struck from the panel, satisfied step one of Melbourne. Pursuant to step two, the state provided its reasons for striking Guillermo and Ortiz. The state wanted to strike Guillermo based on an "amicable relation" between the juror and defense counsel. The articulated reason to strike Ortiz was that her answers to specific questions suggested to the state that she was pre-judging the case. These reasons appear neutral on their face. Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995)(Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral.) However, the trial court was required to examine the state's responses to determine their genuineness. Melbourne, 679 So.2d at 764.
The trial court erred in accepting the state's reasons for striking the only Hispanic panel members without determining the genuineness of the reasons. The case law is clear that a "feeling" about a juror is not a valid, neutral reason to exercise a strike, absent support in the record. Nunez v. State, 664 So.2d 1109 (Fla. 3d DCA 1995); Bernard v. State, 659 So.2d 1346 (Fla. 5th DCA 1995); Suggs v. State, 624 So.2d 833 (Fla. 5th DCA 1993). There is no evidence of Guillermo's bias for defense counsel in the record. Therefore, the trial court's acceptance of the prosecutor's stated reason for the strike as race neutral is erroneous.
Pretext may exist when a juror is struck from the jury panel based on a reason equally applicable to an unchallenged juror. State v. Slappy, 522 So.2d 18 (Fla.1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988); Davis v. State, 691 So.2d 1180 (Fla. 3d DCA 1997). Ortiz, as well as other jurors, was asked questions about a defendant's right to remain silent. Another juror, Good, responded similarly to Ortiz regarding the privilege. Where Ortiz's response was shared by another juror who was not challenged by the prosecutor, the trial court erred in failing to reject the state's explanation as pretextual. Stroud v. State, 656 So.2d 195 (Fla. 2d DCA 1995)(strike based on briefness of juror answer was insufficient where other juror responses on the same issue were also brief); Richardson v. State, 575 So.2d 294 (Fla. 4th DCA 1991)(strike based on challenged juror's response which was similar to opinion of unchallenged juror was improper).
Because the trial court erred in failing to examine the genuineness of the state's reasons for striking the Hispanic venirepersons, we reverse the judgments and sentences and remand for a new trial.
Reversed and remanded.
SCHOONOVER, A.C.J., and LAZZARA, concur.