724 So.2d 657 (1999)
Lawrence Leroy HENRY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00893
District Court of Appeal of Florida, Second District.
January 15, 1999.
James Marion Moorman, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Johnny T. Salgado, Assistant Attorney General, Tampa, for Appellee.
QUINCE, PEGGY A., Associate Judge.
Lawrence Leroy Henry challenges his conviction for burglary and petit theft. He alleges that the State's peremptory challenge of prospective juror Jones was race based and that the trial court erred in accepting the State's reason for the challenge. *658 Because the State offered no race-neutral reason for its challenge, we reverse.
Pursuant to the Florida Supreme Court's decision in Melbourne v. State, 679 So.2d 759 (Fla.1996), Henry was required to timely object to the peremptory challenge, set forth the basis for the objection, and request a race-neutral reason for the challenge. The burden then shifted to the State to offer a facially neutral reason for the challenge. Finally, the trial court was required to determine the "genuineness" of the offered reason. See also, Hernandez v. State, 686 So.2d 735 (Fla. 2d DCA 1997).
We find that the State in this case failed to satisfy its burden to offer a race-neutral reason directed at the prospective juror it was seeking to strike. The State contended that it wished to seat the next two jurors in line behind Jones. Thus, the State's reasoning was directed at the potential jurors it sought to include in the panel, not the prospective juror it wished to exclude. Our supreme court has held that the State's rationale that it wished to seat other jurors further down the panel does not satisfy the requirement in State v. Neil, 457 So.2d 481 (Fla.1984), that the State provide a race-neutral reason for striking a potential juror. See Kibler v. State, 546 So.2d 710 (Fla.1989). "In such a situation, ... it is incumbent on the prosecutor to give nonracial reasons for having challenged the black jurors rather than the white jurors in his effort to make room for the new persons he sought to have join the panel." Stroud v. State, 656 So.2d 195 (Fla. 2d DCA 1995). The lack of even a plausible reason to strike the challenged juror fails to satisfy the State's burden under Melbourne.
A pretextual reason for a strike may exist when a juror is struck from the jury panel based on a reason equally applicable to an unchallenged juror. See Daniel v. State, 697 So.2d 959 (Fla. 2d DCA 1997). There is nothing in this record which supports a race-neutral reason for striking Jones instead of any other prospective juror to make room for others on the panel.
We, therefore, reverse Henry's convictions and remand for a new trial.
WHATLEY, A.C.J., and SALCINES, J., Concur.