SILBERMAN, Judge.
 

 George Johnson seeks review of the judgment and sentence the trial court entered after a jury found him guilty of aggravated battery with a deadly weapon. We reverse because the court erred in sustaining the State’s use of a peremptory strike during voir dire in the face of a defense objection on the basis of gender.
 

 During voir dire, the defense objected when the State struck juror 9, who was the last male on the panel and would have taken the last seat on the jury. Defense counsel noted that the jury would consist entirely of females if the court upheld the strike and demanded a gender-neutral reason for the strike. The court asked the State to provide a gender-neutral reason for the strike, but the State merely replied that it had wanted jurors 1 and 7, who were both male, but the defense had struck them. The State also explained that it “didn’t get a good feel for” juror 9. The court asked if Johnson would accept either juror 1 or 7 on the jury, but Johnson declined.
 

 The court opined that, because both Johnson and the victim were male, it did not see any advantage to the State from seating an all-female jury. The court went over the strikes by each side and found that jurors 1 and 7 were both male and were struck by the defense. Jurors 6 and 9 were male and were struck by the State. Jurors 2 and 14 were female and were struck by the State. Jurors 3, 8, 12, and 13 were female and were struck by the
 
 *763
 
 defense. Based on that analysis, the court sustained the State’s peremptory strike of juror 9. The court explained, “So just by looking at the math ... I really don’t think anyone is striking anyone because of gender.”
 

 The court then identified the next two individuals available to serve as the final juror and the alternate, and the parties accepted them without further discussion and without using any strikes. The court asked Johnson if he was satisfied with the jury selection process and the jury, and Johnson replied that he was. The court then recessed for lunch.
 

 Immediately upon reconvening, the court sua sponte revisited the defense objection to the peremptory strike of juror 9, noting the State’s lack of specificity as to why it wanted to strike that juror. The court again asked the State for a gender-neutral reason for the strike. The State attempted to explain, stating, “Your Hon- or, last minute I just thought — there was nothing about him I didn’t like. I had a bad feeling, so I struck him.” After further discussion with the prosecutor, the court ruled that the State’s reason was gender-neutral and genuine, and it upheld the strike based upon the fact that the State had struck an equal number of male and female jurors. This was error.
 

 Gender is a valid basis for an objection to the exercise of a peremptory strike.
 
 Welch v. State,
 
 992 So.2d 206, 211 (Fla.2008). When a party objects to the use of a peremptory strike on gender grounds, the party must allege that the juror belongs to a specific gender group and request a gender-neutral reason to support the strike. If the objecting party complies with these requirements, the court must ask the striking party to explain the reason for the strike.
 
 Id.
 
 at 211-12. At this point, the burden shifts to the striking party to establish a gender-neutral explanation for the strike.
 
 Id.
 
 at 212. The court should sustain the strike if the explanation given by the striking party is gender-neutral and the court believes that it is not a pretext. The court should focus on the genuineness of the explanation, not its reasonableness.
 
 Melbourne v. State,
 
 679 So.2d 759, 764 (Fla.1996).
 

 In this case, Johnson met his burden of alleging that juror 9 belonged to a specific gender group and requesting a gender-neutral reason to support the strike. The trial court asked the State for a gender-neutral explanation, and the State responded that it “didn’t get a good feel for” the juror. The State later elaborated, stating that it “had a bad feeling” about the juror. Although the trial court appears to have been troubled by the State’s explanation, it sustained the strike based on the composition of the jury that had been seated.
 

 A party’s unsupported “bad feeling” about a juror is not a sufficient explanation to rebut the assertion that the strike was motivated by gender.
 
 See Daniel v. State,
 
 697 So.2d 959, 961 (Fla. 2d DCA 1997);
 
 Ruger v. State,
 
 941 So.2d 1182, 1184 (Fla. 4th DCA 2006);
 
 Bullock v. State,
 
 670 So.2d 1171, 1172 (Fla. 3d DCA 1996). Furthermore, it is improper for the court to consider the overall make-up of the jurors that have been seated in determining the sufficiency of a gender-neutral reason for a peremptory strike.
 
 Welch,
 
 992 So.2d at 212. Indeed, “a gender neutral justification cannot be inferred from the composition of the panel.”
 
 Id.
 
 at 211. Accordingly, the trial court erred in sustaining the State’s use of the peremptory strike on juror 9 in this case.
 

 The State argues that Johnson failed to preserve this issue for review. Based on the sequence of events here, we reject that argument. Generally, a party
 
 *764
 
 does not preserve an objection to the use of a peremptory strike if he affirmatively accepts the jury “immediately prior to its being sworn without reservation of his earlier-made objection.”
 
 Joiner v. State,
 
 618 So.2d 174, 176 (Fla.1993). Acceptance of the jury without renewal of the objection leads to a “reasonable assumption” that the earlier objection is abandoned.
 
 Id.
 
 In that circumstance, “It is reasonable to conclude that events occurring subsequent to [counsel’s] objection caused him to be satisfied with the jury about to be sworn.”
 
 Id.
 

 Here, however, the record does not support the conclusion that Johnson abandoned his earlier objection based on subsequent events, and the court itself did not view Johnson as having abandoned his objection. After the court initially overruled the objection, the jury panel was completed. Following the lunch recess and before either party spoke, the court revisited Johnson’s objection and asked for further explanation only from the State. The court accepted the State’s explanation and sustained the peremptory strike, again overruling Johnson’s objection.
 

 The purpose of the requirement that an error be preserved is to put the trial judge on notice that error may have been committed and to give the judge an opportunity to correct the error.
 
 Harrell v. State,
 
 894 So.2d 935, 940 (Fla.2005). In this case, that purpose was fulfilled. When the court reconsidered Johnson’s objection after lunch, there was no need for Johnson to renew his objection. The court itself raised the issue, heard argument by the State, and overruled Johnson’s objection. It is clear that the court understood, reconsidered, and rejected Johnson’s objection immediately prior to swearing in the jury. These circumstances lead us to conclude that the issue was preserved for review.
 
 See Gootee v. Clevinger,
 
 778 So.2d 1005, 1009 (Fla. 5th DCA 2000). A further objection after the court again overruled Johnson’s objection “ ‘would have been an obviously futile gesture.’ ”
 
 Sparks v. Allstate Constr., Inc.,
 
 16 So.3d 161, 164 (Fla. 3d DCA 2009) (quoting
 
 Webb v. Priest,
 
 413 So.2d 43, 46 (Fla. 3d DCA 1982)).
 

 Because the State’s given reason in support of its use of a peremptory strike of juror 9 was insufficient, the trial court erred in sustaining the State’s use of the peremptory strike. Accordingly, we reverse and remand for a new trial.
 

 Reversed and remanded.
 

 VILLANTI and LaROSE, JJ., Concur.