CASANUEVA, Chief Judge.
Robert Franklin Sabine, Jr., appeals his convictions for four counts of capital sexual battery on a person under the age of twelve and sixteen counts of lewd and lascivious battery. The twenty charges spanned five years of alleged sexual abuse by Mr. Sabine on his granddaughter. On appeal, Mr. Sabine raises four issues. We conclude that at least two issues constitute reversible error and merit discussion. We decline to engage in unnecessary discussion of the remaining moot issues.

Jury Selection

Mr. Sabine first contends that the trial court erroneously permitted the State to exercise a peremptory challenge on a prospective juror, who will be referred to as Mr. B. When the State requested this strike, defense counsel requested a gender-neutral reason because it appeared to him that the State was discriminating against men. The trial court stated that it “was not going to require a gender neutral reason,” instead embarking upon an examination of the State’s prior use of its peremptory strikes to determine whether a pattern of improper gender-based strikes occurred. The trial court stated: “I really don’t find a pattern at this point. I think the state has gender neutral reasons for striking at least three of the four [men] that they struck.”
“In Florida, potential jurors, as well as litigants, have an equal protection right to jury selection procedures free from discrimination based on gender, race, or ethnicity.” Welch v. State, 992 So.2d 206, 211 (Fla.2008). Founded on the protection afforded by the Equal Protection Clauses of the United States and Florida Constitutions, both Mr. Sabine and Mr. B. are entitled to a jury selection process free of discrimination. See U.S. Const, amend. XIV, § 1; art. I, § 2, Fla. Const. This court has recognized gender as a valid basis for an objection to the exercise of a preemptory strike. Johnson v. State, 27 So.3d 761, 763 (Fla. 2d DCA 2010). Therefore, Mr. Sabine’s counsel asserted a legally cognizable claim.
The Florida Supreme Court set forth guidelines for resolving claims of discriminatory peremptory challenges in Melbourne v. State, 679 So.2d 759 (Fla.1996).[1]
*946 A party objecting to the other side’s use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.
Id. at 764 (footnotes omitted).
Applying these guidelines to the facts of this case, Mr. Sabine’s counsel made a timely objection to the State’s peremptory challenge, argued that Mr. B was a man, claimed that the State was diserimi-natorily removing men from the panel, and requested a gender-neutral reason for the strike. This objection was sufficient for the trial court to require the State to provide a gender-neutral reason for the strike. See Carrillo v. State, 962 So.2d 1013, 1015-16 (Fla. 3d DCA 2007) (finding the defense counsel’s statement, “Your Honor, I object. He’s a man. She wants to get more women on the jury,” sufficient to require an explanation of the strike). Instead of following the procedure set forth in Melbourne, the trial court began an improper examination to determine whether there was a pattern of gender-based strikes.
In Welch, at the opening of the penalty phase of a capital murder case, the State used its first peremptory strike on a female prospective juror. 992 So.2d at 210. The defense objected and asked for a gender-neutral reason for the strike, arguing that the prospective juror was a female and thus a member of a protected group. The trial court ruled that, without more of a reason, it was “not going to require [a gender-neutral reason] on the State’s first strike.” Id. at 211. The supreme court reversed, holding that, “[s]imply put, the trial court failed to follow Melbourne after Welch made a qualifying step one objection. Instead of requesting the State’s reason for the strike, the trial judge focused on the grounds for the defense’s objection. This failure constitutes reversible error.” Id. at 212.
Similarly, the trial court in this case focused on the grounds for Mr. Sabine’s objection rather than following the well-established procedure from Melbourne. The proper remedy when the trial court fails to conduct the proper inquiry is to reverse and remand for a new trial. See State v. Johans, 613 So.2d 1319, 1322 (Fla. 1993).

Evidence of uncharged collateral crimes

The second claim of error rests in the admission of certain evidence as “inextricably intertwined.” While we question the validity of several of the trial court’s evidentiary decisions, we shall focus on two areas of admitted evidence that are of the greatest concern. We review the trial court’s determination on the admissibility of this evidence for an abuse of discretion. Wright v. State, 19 So.3d 277, 291 (Fla.2009).
The State charged Mr. Sabine with a total of twenty offenses he inflicted upon his granddaughter over a five-year span. The first charged offense took place just after her eleventh birthday and the last occurred just before her sixteenth birthday. The State filed a motion to include “inextricably intertwined” evidence of collateral crimes, which the trial court granted. Pursuant to the ruling, the State first admitted evidence of an uncharged offense that allegedly occurred when the victim *947 was eight years old. She had accompanied Mr. Sabine on a trucking trip to Miami. During this trip, Mr. Sabine exposed his penis to her and required her to take a photograph of it. The victim testified that no further sexual conduct occurred during the two years following this event. The State also admitted evidence of regular sexual intercourse between Mr. Sabine and the victim during the three years following the date of the last charged offense, while the victim was between the ages of sixteen and nineteen.
The supreme court defines “inextricably intertwined” evidence as
evidence [that] is admissible because it is a relevant and interwoven part of the conduct that is at issue. Where it is impossible to give a complete or intelligent account of the criminal episode without reference to other uncharged crimes or bad conduct, such evidence may be used to cast light on the primary crime or elements of the crime at issue.
Wright, 19 So.3d at 292. Inextricably intertwined evidence “is a relevant and inseparable part of the act which is in issue. ... [I]t is necessary to admit the evidence to adequately describe the deed.” McGirth v. State, 48 So.3d 777, 787 (Fla.2010) (quoting Griffin v. State, 639 So.2d 966, 968 (Fla.1994)).
In Wightman v. State, the State charged Mr. Wightman with two counts of sexual battery of a child under twelve over a five-year time span. 982 So.2d 74 (Fla. 2d DCA 2008), review granted, 7 So.3d 1099 (Fla.2009) (table decision), review dismissed, 14 So.3d 211 (Fla.2009). Both counts alleged forms of oral sex. At trial, the State elicited testimony of repeated, multiple incidents of oral sex during the charged time frames, with the victim only specifically recounting one incident. Id. at 76. The jury convicted Mr. Wightman on both counts. Id. at 75.
On appeal, the State argued that the evidence of uncharged crimes was admissible as inextricably intertwined. This court rejected the argument, holding that “the assertion that Wightman committed the similar acts of molestation multiple times on different undetermined dates was not necessary for an understanding that the two discrete acts charged in the information took place at any time.” Id. at 76.
Similarly in this case, evidence of the Miami photography incident and the later sexual conduct was unnecessary to describe the charged acts, provide an intelligent account of the charged crimes, establish the context of the charged offenses, or describe the events leading up to the offenses. See Kates v. State, 41 So.3d 1044, 1045-46 (Fla. 1st DCA 2010) (identifying possible bases for the admission of inextricably intertwined evidence); Parker v. State, 20 So.3d 966, 970 (Fla. 3d DCA 2009) (same). The victim testified how Mr. Sabine sexually battered and molested her during the four-year charged time period. No explanation of prior or subsequent conduct was necessary for the jury to understand the evidence of the twenty discrete acts charged in the information.
Further, regarding the Miami photography incident, “when there is a ‘clear break between the prior conduct and the charged conduct or it is not necessary to describe the charged conduct by describing the prior conduct, evidence of the prior conduct is not admissible on this theory.’ ” Wright, 19 So.3d at 292 (quoting Charles W. Ehrhardt, Florida Evidence § 404.17, at 237 (2005 ed.)). The victim testified that after the Miami incident, no further sexual conduct occurred between her and Mr. Sabine for two years. This temporal break rendered the evidence of the Miami trip unnecessary to fully explain the charged conduct. See also Parker, 20 *948 So.3d at 970 (holding that evidence of two prior drug sales was not inextricably intertwined with the charged offenses of possession of marijuana and trafficking in cocaine that occurred days later).
Although we hold that these acts were not inextricably intertwined, the State argues that affirmance is still proper because the evidence was admissible as similar fact evidence pursuant to section 90.404(2)(b)(1), Florida Statutes (2004). That statute provides that “[i]n a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant’s commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.” Id.
To introduce evidence of uncharged crimes of child molestation under section 90.404(2)(b)(l), the State must first “furnish to the defendant or to the defendant’s counsel a written statement of the acts or offenses it intends to offer, describing them with the particularity required of an indictment or information.” § 90.404(2)(c)(1). Then “the trial court must find that the prior acts were proved by clear and convincing evidence” and must assess “whether the probative value of evidence of previous molestations is substantially outweighed by the danger of unfair prejudice.” McLean v. State, 934 So.2d 1248, 1262 (Fla.2006).
Here, the State contends that it provided notice in the form of its motion to include inextricably intertwined evidence. However, that motion did not contain dates, locations, or details of the uncharged sexual conduct that it sought to introduce. So it was not sufficiently particular to satisfy section 90.404’s notice requirement. Further, the trial court did not make any of the findings required by the holding in McLean.
The State also argues that any of these errors involving introduction of this collateral crime evidence was harmless. An erroneous admission of irrelevant collateral crime evidence is presumed harmful. Fitzsimmons v. State, 935 So.2d 125, 128-29 (Fla. 2d DCA 2006). The State has not proven that “there is no reasonable possibility that the error contributed to the conviction.” See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The evidence of these collateral crimes was extremely prejudicial, minimally relevant, and became a feature of the trial. See McLean, 934 So.2d at 1256 (holding that collateral crime evidence cannot become a feature of the trial).

Conclusion

Both the errors in jury selection and in admitting the collateral crime evidence require reversal. Accordingly, we reverse and remand for a new trial.
KELLY and WALLACE, JJ„ Concur.

. Melbourne involved race-based discrimination during jury selection. These same guidelines apply to claims of gender-based discrim-¡nation. See Welch v. State, 992 So.2d 206 (Fla.2008) (reversing defendant’s death sentences and remanding for a new penalty *946 phase when the trial court declined the defendant's request for a gender-neutral reason for the State’s peremptory strike); Johnson v. State, 27 So.3d 761, 763 (Fla. 2d DCA 2010).