WHATLEY, Judge.
James Rolle appeals his conviction of lewd and lascivious molestation. He raises four issues, but we find merit in only one. We reverse and remand for a new trial because the trial court abused its discretion in allowing the introduction of evidence of uncharged collateral crimes that were not inextricably intertwined with the charged crime.
Rolle is the younger half-brother of the victim’s mother. The victim’s mother testified that she was like a second mother to Rolle, and he would come and stay with her and her family for any types of school breaks. It was common for family, including Rolle, to come over for sleepovers at her house. All of the kids, including Rolle, would sleep on the living room floor. The last sleepover was in either 1999 or 2000, during Rolle’s service in the Marines. Rolle served in the Marines from 1997 to 2000, but while he was out for a couple of months during that time, he stayed with the victim’s family. Rolle was ultimately charged with committing the offense against the victim between July 16, 1998, and August 31, 1999.
Over defense objection, the court allowed the victim to testify that when she was four or five and living in Pembroke Pines, Rolle began touching her vagina and breasts. She moved with her family to Clearwater when she was about five and lived there until she was about thirteen. Rolle continued the inappropriate touching whenever he came to visit in Clearwater. She remembered the touching happening when Rolle was home from the Marines.
Rolle argues that the trial court abused its discretion in allowing the victim to testify to uncharged acts that allegedly occurred in a different jurisdiction when *1231 Rolle was a minor. We agree. It is only when it is impossible to give a complete or intelligent account of the charged crime without reference to uncharged crimes that evidence of those uncharged crimes is admissible. Wright v. State, 19 So.3d 277, 292 (Fla.2009); Griffin v. State, 639 So.2d 966, 968 (Fla.1994) (quoting Charles W. Ehrhardt, Florida Evidence § 404.17 (1993 ed.)) (“[E]vidence of uncharged crimes which are inseparable from the crime charged, or evidence which is inextricably intertwined with the crime charged ... is admissible under section 90.402 because ‘it is a relevant and inseparable part of the act which is in issue.’ ”).
But here, the victim’s testimony that Rolle touched her sexually when she lived in Pembroke Pines was not at all necessary to an understanding of her testimony that Rolle touched her sexually in Clear-water during the charged time frame. See Sabine v. State, 58 So.3d 943, 947 (Fla. 2d DCA 2011) (holding that evidence of similar incidents prior to and subsequent to the alleged twenty counts of capital sexual battery over a five-year period “was unnecessary to describe the charged acts, provide an intelligent account of the charged crimes, establish the context of the charged offenses, or describe the events leading up to the offenses”); Wightman v. State, 982 So.2d 74, 76 (Fla. 2d DCA 2008) (“[T]he assertion that Wightman committed the similar acts of molestation multiple times on different undetermined dates was not necessary for an understanding that the two discrete acts charged in the information took place at any time”).
Because the trial court abused its discretion in allowing the victim to testify to uncharged collateral acts that were not necessary to prove or explain the charged offense, we reverse and remand for a new trial.
Reversed and remanded for a new trial.
KELLY and VILLANTI, JJ., Concur.