933 So.2d 1229 (2006)
Martin J. WALTERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-3168.
District Court of Appeal of Florida, Third District.
July 19, 2006.
*1230 Bennett H. Brummer, Public Defender, and Thomas Regnier, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Jennifer Falcone Moore, Assistant Attorney General, for appellee.
Before COPE, C.J., and GERSTEN and SHEPHERD, JJ.
COPE, C.J.
Martin Walters ("the defendant") appeals his convictions for attempted second degree murder with a firearm, aggravated assault with a firearm, and possession of a firearm by a convicted felon. We reverse.
The defendant and Charlotte Briggs ("Briggs") were involved in a romantic relationship. In August 2002, the two became involved in an altercation that culminated in a firearm being shot and both of them sustaining minor injuries. However, when they called 911 and initially spoke with the investigating police officers, they reported a concocted story that they had been the victims of a home invasion robbery. During the investigation only one bullet was recovered and gunshot residue was found on both the defendant and Briggs. The police concluded that the story about the robbery was untrue and questioned both the defendant and Briggs. During questioning, Briggs told the officer that the defendant had pulled a gun, threatened to kill her, and fired the weapon twice, injuring her arm and shoulder. The same officer then questioned the defendant. The defendant's version was that it was Briggs who shot the firearm once into the floor, pointed it at him, and then the weapon accidentally fired, wounding his thumb.
The defendant's first issue on appeal is that it was error to allow the police officer to testify, over objection, as to the statements Briggs made to him during his investigation. We agree. The trial court ruled that Briggs' statement to the police officer that the defendant had shot her was an excited utterance. However, for a statement to be admissible as an excited utterance:
(1) the declarant must have experienced or witnessed an event startling enough to cause nervous excitement; (2) the statement must have been made while under the stress of excitement caused by the event; and (3) the statement must have been made before the declarant had time to contrive or misrepresent.
Evans v. State, 838 So.2d 1090, 1093 (Fla. 2002); § 90.803(2), Fla. Stat. (2002).
Here, three hours had elapsed since the startling event and, more importantly, Briggs, the declarant, had in fact misrepresented what had occurred by concocting a story that she and the defendant had been victims of a home invasion robbery. The state concedes that her statement to the police officer cannot qualify as an excited utterance and, as a result, was inadmissible hearsay. The officer should not have been permitted to testify about Briggs' statement to him that the defendant had shot her. We reverse and remand for a new trial. In light of this *1231 ruling, we need not reach the other claims of trial error.
On the defendant's final point on appeal, we reverse his adjudication of guilty of possession of a firearm by a convicted felon and remand for a new trial. In this case, the trial court bifurcated the proceedings. In the first phase, the court conducted a jury trial on attempted murder and aggravated battery.
After the jury found the defendant guilty, the court proceeded to the second phase: the charge of possession of a firearm by a convicted felon. The trial court reasoned that all of the elements of the firearm charge had been established during the first phase. The jury had convicted the defendant of attempted murder with a firearm and aggravated battery with a firearm. This established that the defendant had possessed a firearm. The defendant had testified in the first phase and admitted that he was a convicted felon. The trial court concluded this admission sufficiently established that the defendant was a convicted felon. Accordingly, without reconvening the jury and over the defendant's objection, the trial court adjudicated the defendant guilty of the offense of possession of a firearm by a convicted felon. This procedure was incorrect.
This was a jury trial case. See Fla. R.Crim. P. 3.251, 3.260. The factual determinations of guilt or innocence needed to be made by the jury. "The defendant declined to stipulate that the trial judge could determine the existence of the prior convictions, so the defendant was entitled to have a jury determination that he was a convicted felon." Jackson v. State, 881 So.2d 711, 716 (Fla. 3d DCA 2004) (citations omitted). It was error for the trial court to make the factual determination, over the defendant's objection, that the defendant was guilty of the offense of possession of a firearm by a convicted felon. The fact that the defendant possessed a firearm was established by the verdict in phase one. However, the jury did not make a finding that the defendant was a convicted felon.
The appropriate procedure in a bifurcated trial is to have the jury reconvene in the second phase for the trial of the charge of possession of a firearm by a convicted felon. In the second phase, the jury would be instructed that the fact that the defendant possessed a firearm had already been established by the verdict in the first phase. The State must then introduce evidence that the defendant is a convicted felon. In this case the defendant had admitted in the first phase that he was a convicted felon, and the State may, of course, rely on that admission in phase two. The jury then deliberates and returns a verdict of guilt or innocence on the charge of possession of a firearm by a convicted felon. See id. at 716-17.
Reversed and remanded for a new trial.