FULMER, Judge.
 

 James Richard Cooper appeals from his convictions for two counts of lewd molestation and four counts of sexual battery by a person in familial authority. Of the three issues he raises on appeal, we reject Issues II and III without discussion. As to Issue I, although we agree with Cooper that the trial court erred in allowing the State to present evidence of multiple sexual acts that were not charged in the information, we conclude that the error was harmless. We therefore affirm Cooper’s convictions and sentences.
 

 The information charged six counts, each describing a different sexual act committed against a single victim. Cooper argues that the trial court erred in allowing the State to introduce testimony of numerous other uncharged incidents of each type of act despite the lack of notice by the State required by section 90.404(2)(c)(l), Florida Statutes (2007).
 
 [1]
 
 He asserts that the information did not put him on notice that he would be tried for numerous incidents of each sexual act. He contrasts the information in this case with the information filed in
 
 State v. Generazio,
 
 691 So.2d 609, 610 (Fla. 4th DCA 1997), where ongoing sexual abuse was alleged to have occurred “on one or more occasions.”
 

 The State responds first that the issue is not preserved. We reject this argument. The court granted the defense counsel a continuing objection when this issue was discussed during opening statements. The State advised the court that it preferred a continuing objection, and the defense counsel sought clarification as to the scope of the continuing objection to ensure that the objection would carry through to the witnesses and not be confined to the opening statements. Thus, the record shows that the issue was preserved for review.
 

 On the merits, the State notes that the information alleges that the abuse occurred over a period of years, and it contends that it is “highly unlikely that Cooper, or any reasonable person, would believe that the state was alleging Cooper committed one sex act for each count that took three years to commit.” The State explains that it is not suggesting that the evidence of uncharged acts is “inextricably intertwined.” Rather, it asserts that “the Information encompasses multiple acts over a period of time that are being charged as one representative offense because the State is unable
 
 *149
 
 to specify the exact dates the multiple offenses occurred.” And, it contends that the law permits the State to charge sexual offenses against children in one representative count. Finally, the State argues that any error in this case is harmless.
 

 This case is similar to
 
 Wightman v. State,
 
 982 So.2d 74 (Fla. 2d DCA 2008),
 
 review granted,
 
 No. SC08-1240 (Fla. Nov. 18, 2008), where we reversed for a new trial because the State did not justify the presentation of evidence of ongoing abuse. Wightman had been charged with two sexual acts, and the victim was permitted to testify to repeated molestation.
 
 Id.
 
 at 75-76.
 

 Here, as in
 
 Wightman,
 
 the information does not put the defendant on notice that he will be tried based on multiple instances of each type of sexual act. And, as in
 
 Wightman,
 
 no pretrial notice was filed under section 90.404(2)(c). In other words, the State could have justified the evidence offered in this case if it had either alleged in the information ongoing sexual acts that occurred “on one or more occasions,”
 
 see Generazio,
 
 691 So.2d at 611, or given Cooper notice ten days before trial of the State’s intent to offer evidence of the other crimes, wrongs, or acts of child molestation,
 
 see
 
 § 90.404(2)(b), (c). But, as in
 
 Wightman,
 
 the State did neither of these things.
 

 As to whether the error of allowing the State to present evidence of extensive abuse did or did not contribute to the verdict, we note that if the case had been presented as six distinct acts as charged, the State’s presentation of its case would have necessarily been different. On the other hand, the jury heard a taped statement where Cooper admitted engaging in sexual acts with the victim. Because the taped statement is strong evidence of Cooper’s guilt, we conclude that the error of allowing the State to present evidence of multiple sexual acts did not affect the verdict and was harmless in this case.
 
 See State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986).
 

 Affirmed.
 

 VILLANTI, J., and CASE, JAMES R., Associate Senior Judge, Concur.
 

 [1]
 

 . Section 90.404(2)(c)(l) provides:
 

 When the state in a criminal action intends to offer evidence of other criminal offenses under paragraph (a) or paragraph (b), no fewer than 10 days before trial, the state shall furnish to the defendant or to the defendant’s counsel a written statement of the acts or offenses it intends to offer, describing them with the particularity required of an indictment or information. No notice is required for evidence of offenses used for impeachment or on rebuttal.