ORFINGER, J.
 

 William Downs appeals his conviction of sexual battery on a child under twelve for which he received a life sentence. Because the trial court erred in allowing the State to introduce evidence of uncharged crimes, we reverse for a new trial.
 

 The State charged Downs with one count of capital sexual battery by digital penetration. The victim, L.B., who was twenty-three years of age at the time of trial, testified that one night when she was seven years old, a nude Downs entered her bedroom, rolled down her underwear and digitally penetrated her. Over a defense objection, the trial court allowed L.B. to further testify that about two years later, Downs repeatedly came into the bathroom while she showered and touched her inappropriately, although these incidents did not involve penetration. Downs’s counsel moved for a mistrial, arguing that this was evidence of inadmissible collateral crimes that was irrelevant to prove the single charge of digital penetration brought by the State. The trial court denied the motion for mistrial but instructed the jury to disregard the testimony concerning what may have occurred in the shower. Likewise, before the testimony was stricken, L.B.’s younger brother informed the jury that when he was younger, Downs told him that he would go in the bathroom while L.B. showered and masturbate. The jury found Downs guilty of capital sexual battery and he was sentenced to life in prison. This appeal follows.
 

 The State argues that the evidence concerning the shower incidents was not offered as similar fact evidence under section 90.404(2)(b)l., Florida Statutes (2008), but instead was evidence that was inextricably intertwined with the crime charged. “[Ejvidence of uncharged crimes which are inseparable from the crime charged, or evidence which is inextricably intertwined with the crime charged, is not
 
 Williams [v. State,
 
 110 So.2d 654 (Fla. 1959),] rule evidence. It is admissible under section 90.402 because ‘it is a relevant and inseparable part of the act which is in issue....’”
 
 Griffin v. State,
 
 639 So.2d 966, 968 (Fla.1994) (quoting Charles W. Ehrhardt,
 
 Florida Evidence
 
 § 404.17 (1993 ed.));
 
 see Dorsett v. State,
 
 944 So.2d 1207 (Fla. 3d DCA 2006). Evidence is inextricably intertwined if the evidence is necessary to (1) “adequately describe the deed,”
 
 Smith v. State,
 
 866 So.2d 51, 62 (Fla.2004); (2) provide an intelligent account of the crime(s) charged,
 
 Vail v. State,
 
 890 So.2d 373, 376 (Fla. 3d DCA 2004); (3) establish the entire context out of which the charged crime(s) arose,
 
 Hunter v. State,
 
 660 So.2d 244, 251 (Fla.1995); or (4) adequately describe the events leading up to the charged crime(s),
 
 Griffin,
 
 639 So.2d at 970.
 
 See State v. Rambaran,
 
 975 So.2d 519, 524 (Fla. 3d DCA 2008).
 

 The evidence regarding what occurred in the shower was not inextricably intertwined with the charged crime, as it was not necessary to describe the charged crime or the events leading up to the
 
 *52
 
 charged crime. To the contrary, the shower activity occurred about two years after the charged crime.
 
 Compare Griffin,
 
 639 So.2d at 968-69 (discussing why other-crime evidence was inextricably intertwined, and thus, relevant as inseparable part of act at issue);
 
 and Shively v. State,
 
 752 So.2d 84, 85 (Fla. 5th DCA 2000) (holding that evidence necessary to describe manner in which criminal offense took place or how it came to light is generally admissible as inextricably intertwined with underlying offense because, without this evidence, state would be unreasonably hampered in presentation of its case);
 
 with Wightman v. State,
 
 982 So.2d 74, 76 (Fla. 2d DCA 2008) (holding that assertion that defendant committed similar acts of molestation multiple times on different undetermined dates on same victim was not necessary for understanding that two discrete acts charged in information took place at any time in sexual battery prosecution; case did not present situation where inextricably intertwined evidence of uncharged acts was necessary to describe crime charged). Nor was the evidence necessary to provide an intelligent account of the crime charged. At best, the evidence arguably demonstrated the context out of which the crime chai’ged arose but that connection seems very tenuous given the other evidence presented.
 

 The shower evidence appears to be evidence of separate crimes or acts of child molestation, admissible if at all, pursuant to section 90.404(2)(b) 1., Florida Statutes (2008). In relevant part, that statute provides, “[i]n a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant’s commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.” As the Florida Supreme Court explained, this provision “broadly provides that evidence of the defendant’s commission of other acts of child molestation is admissible regardless of whether the charged and collateral offenses ... share any similarity.”
 
 McLean v. State,
 
 934 So.2d 1248, 1259 (Fla.2006). However, even under this relaxed standard of admissibility, to introduce similar fact evidence, the State must give a defendant “a written statement of the acts or offenses it intends to offei*, describing them with the particularity required of an indictment or information” at least ten days before trial. § 90.404(2)(c)l., Fla. Stat. (2008). That was not done here.
 

 Had the State given the required notice, upon Downs’s motion, the trial court then would have been required to find that the prior acts were proved by clear and convincing evidence, and make the following determination:
 

 In assessing whether the probative value of evidence of previous molestations is substantially outweighed by the danger of unfair prejudice, the trial court should evaluate: (1) the similarity of the prior acts to the act charged regarding the location of where the acts occurred, the age and gender of the victims, and the manner in which the acts were committed; (2) the closeness in time of the prior acts to the act charged; (3) the frequency of the prior acts; and (4) the presence or lack of intervening circumstances. This list is not exclusive. The trial courts should also consider other factors unique to the case.
 

 McLean,
 
 934 So.2d at 1262.
 

 Similar fact evidence admitted under section 90.404(2)(b), like all evidence, is subject to a section 90.403 analysis for the danger of unfair prejudice. As such, the trial court also would have had to determine
 

 
 *53
 
 whether the evidence of the prior acts will confuse or mislead jurors by distracting them from the central issues of the trial. Also necessary is an assessment whether the evidence is needlessly cumulative of other evidence bearing on the victim’s credibility, the purpose for which this evidence may be introduced. Further, in accord with our precedent, the trial court must guard against allowing the collateral-crime testimony to become a feature of the trial. Finally, if requested, the trial court shall give an appropriate cautionary instruction both at the time the evidence is presented and in its final charge to the jury.
 

 McLean,
 
 934 So.2d at 1262. In the instant case, Downs was not provided the pretrial notice required by section 90.404(2)(c)l. or the other due process safeguards required by
 
 McLean.
 
 Thus, the State cannot rely on section 90.404(2)(b) to justify the admission of evidence of other crimes in this case.
 

 The erroneous admission of evidence of collateral crimes is presumptively harmful.
 
 McCall v. State,
 
 941 So.2d 1280, 1283 (Fla. 4th DCA 2006). The State has the burden of demonstrating beyond a reasonable doubt that the error did not contribute to the verdict.
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1135 (Fla.1986). Credibility was the prime issue in this case. “Because of the commonly held belief that individuals who commit sexual assaults are more likely to recidivate as well as societal outrage directed at child molesters, the admission of prior acts of child molestation has an even greater potential for unfair prejudice than the admission of other collateral crimes.”
 
 McLean,
 
 934 So.2d at 1256. On the record before us, we cannot conclude beyond a reasonable doubt that the error was harmless.
 

 Accordingly, we reverse Downs’s conviction and remand this matter for a new trial.
 

 REVERSED and REMANDED.
 

 GRIFFIN and COHEN, JJ., concur.