PER CURIAM.
 

 James Richard Cooper seeks review of the decision of the Second District Court of Appeal in
 
 Cooper v. State,
 
 13 So.3d 147 (Fla. 2d DCA 2009), on the grounds that it expressly and directly conflicts with the decision of this Court in
 
 State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986).
 
 [1]
 

 Cooper was convicted of four counts of sexual battery on a person in familial custody and two counts of lewd molestation for his sexual abuse of a single victim over a period of years.
 
 Cooper v. State,
 
 13 So.3d 147, 148 (Fla. 2d DCA 2009). On appeal, the Second District concluded that the trial court erred in allowing the State to present evidence that Cooper engaged in extensive, ongoing abuse of the victim when Cooper was charged with only six single counts of sexual misconduct.
 
 [2]
 

 Id.
 
 at 148=49. The Second District then performed a harmless error analysis, citing but not using the standard set forth by this Court in
 
 DiGuilio:
 

 As to whether the error of allowing the State to present evidence of extensive abuse did or did not contribute to the verdict, we note that if the case had been presented as six distinct acts as charged, the State’s presentation of its case would have necessarily been different. On the other hand, the jury heard a taped statement where Cooper admit
 
 *43
 
 ted engaging in sexual acts with the victim.
 
 Because the taped statement is strong evidence of Cooper’s guilt,
 
 we conclude that the error of allowing the State to present evidence of multiple sexual acts did not affect the verdict and was harmless in this case.
 
 See State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986).
 

 Cooper,
 
 13 So.3d at 149 (emphasis added).
 

 Although the Second District cited
 
 DiGuilio,
 
 it failed to follow the
 
 DiGuilio
 
 standard when it relied on what it deemed the “strong evidence of Cooper’s guilt.”
 
 Id.
 
 As we have explained, the applicable test “is not a sufñciency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test.”
 
 DiGuilio,
 
 491 So.2d at 1139. Likewise, it is not a strong evidence test. Rather, the test is “whether there is a reasonable possibility that the error affected the verdict.”
 
 Id.; see also Ventura v. State,
 
 29 So.3d 1086, 1091 (Fla.2010) (quashing and remanding a district court’s decision when the harmless error analysis focused on overwhelming evidence of guilt because it “does not address a proper
 
 [DiGuilio
 
 ] analysis and does not discuss whether there is a reasonable possibility that the ... error affected the verdict”).
 

 Accordingly, we quash and remand to the Second District for reconsideration of the harmless error analysis enunciated in
 
 DiGuilio.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 art. V, § 3(b)(3), Fla. Const.
 

 [2]
 

 . We decline to address whether the admission of evidence of numerous incidents of sexual contact was, in fact, error in these circumstances.