MAY, J.
The defendant appeals his conviction and sentence for possession of a firearm by a convicted felon. He argues the trial court erred when it sustained the State’s objection to defense counsel’s closing argument concerning a lack of proof that the defendant possessed a firearm. We find no error and affirm.
The State charged the defendant with armed robbery with a firearm, resisting arrest without violence, and possession of a firearm by a convicted felon. The scenario giving rise to these charges involved the theft of the victim’s necklace and bracelet by a man, who appeared to have a gun. The victim reported the crime and gave a description of the assailant to law enforcement.
A deputy saw a man matching the description given by the victim. As the deputy approached, the defendant looked back in his direction and continued walking. As the deputy accelerated toward the defendant, he ran away, failing to respond to the deputy’s order to stop. As he ran, the defendant was seen reaching into the front of his pants.
Back-up deputies arrived and stopped the defendant. At that point, the defendant was wearing only one shoe. One deputy retraced the defendant’s path, and found a shoe, a black shirt, and a loaded pistol ammunition magazine. A canine officer subsequently found a gun matching the ammunition magazine. No jewelry was found.
The victim was brought to the scene of the arrest, where he identified the defendant as the person who had taken his necklace and bracelet. The victim was also able to identify the defendant at trial. He indicated that the gun retrieved by the deputy appeared to be the same one he saw at the time of the robbery.
The trial court denied the defendant’s motion to sever the charges, and instead bifurcated the trial, allowing the possession of a firearm by a convicted felon charge to be tried after the jury had the opportunity to consider the robbery and resisting arrest without violence charges. The jury found the defendant guilty of resisting arrest without violence, but not guilty of the robbery charge. In an answer to a special interrogatory, the jury found the defendant possessed a gun.
In the second phase of the trial before the same jury, the State presented evidence of the defendant’s two prior felony convictions. Defense counsel was permitted to cross-examine the latent fingerprint examiner about fingerprints and whether any latent prints had been found on the gun. In closing, defense counsel attempted to argue the State had failed to prove the defendant’s fingerprints were on the gun. The State made a relevancy objection because the jury had already found the defendant was in actual possession of a firearm during the first phase of the trial. The trial court sustained the objection.
During the jury charge, the court instructed the jury that, to find the defendant guilty, the State must prove that the *91 defendant either actually or constructively possessed a firearm and that the defendant was a convicted felon. The same jury found the defendant guilty of possession of a firearm by a convicted felon.
On appeal, the defendant argues that his due process rights were denied when the trial court sustained the State’s objection to defense counsel’s argument that the State had not proven the defendant’s fingerprints were on the gun because a jury must not let its verdict on one crime affect its verdict on other crimes charged. More specifically, the defendant argues the jury’s factual finding on the special interrogatory that the defendant possessed a firearm in the first phase of the trial should have no effect on the State’s burden of proof in the second phase of the bifurcated trial.
The State responds that the issue was unpreserved. Alternatively, the State argues there was no error in the bifurcation of the trial or the court’s limiting of defense counsel’s closing argument. We agree with the State.
Two Third District Court of Appeal decisions are helpful. In Jackson v. State, 881 So.2d 711 (Fla. 3d DCA 2004), the Third District approved the bifurcation process in a very similar case where the defendant was charged with armed robbery and possession of a firearm by a convicted felon. Jackson, 881 So.2d at 715. The trial court denied the defendant’s motion to sever the charges. Id. Instead, the court bifurcated the proceeding just as the trial court did in this case. Id. The Third District compared the case to the bifurcated proceeding approved by the Florida Supreme Court for felony DUI charges in State v. Harbaugh, 754 So.2d 691 (Fla.2000). Id. at 716.
In Walters v. State, 933 So.2d 1229 (Fla. 3d DCA 2006), the Third District more fully explained the State’s ability to rely on factual findings by the same jury in the first phase of a bifurcated trial to establish the charge of possession of a firearm by a convicted felon in the second phase of the trial.
The appropriate procedure in a bifurcated trial is to have the jury reconvene in the second phase for the trial of the charge of possession of a firearm by a convicted felon. In the second phase, the jury would be instructed that the fact that the defendant possessed a firearm had already been established by the verdict in the first phase. The State must then introduce evidence that the defendant is a convicted felon.
Id. at 1231. The bifurcation process is employed to prevent the jury from hearing irrelevant and damaging evidence of the defendant’s prior convictions while considering whether the defendant possessed a firearm. That is precisely what the trial court did here.
We find no error in this bifurcated trial. The trial court adequately protected the defendant’s due process rights and his right to a fair trial.

Affirmed.

HAZOURI, J., concurs.
FARMER, J., dissents with opinion.