FARMER, J.,
dissenting.
I cannot agree with the majority opinion. In my mind there is a significant difference between a verdict finding guilt on the principal charge said to have included a firearm and a verdict that acquits on that charge., If he is acquitted on the charge of armed robbery, how can the jury’s answer to the possession part be dispositive of anything? When the jury acquitted on the armed robbery charge, the special interrogatory became immaterial. Moreover, the rule requires separate *92 trials on the two charges, so it does not much matter whether the order is denominated a severance, a bifurcation or some other locution indicating different proceedings. I explain my thinking in the following.
Defendant was charged with armed robbery, nonviolent resisting arrest, and possession of a firearm by a convicted felon. At trial the charge for possession of a firearm by a convicted felon was severed from the first two charges and set to begin after the verdict on the first two charges. In its verdict on the first two charges, the jury acquitted defendant of the armed robbery charge but convicted him of resisting without violence. That verdict form also contained the standard special interrogatory as to whether, in committing the armed robbery, defendant possessed a firearm at any time. Although acquitting him of the armed robbery, the jury nevertheless answered the special interrogatory in the affirmative.
The case then proceeded to trial on the third charge regarding possession. The State’s only witness was its fingerprint expert who testified that the prints on two prior conviction records were those of defendant, thus proving that he was a convicted felon. At that point defense counsel cross examined the witness as to latent fingerprints on firearms. The witness testified that such prints are not always found on firearms, that the ability to make a comparison depends on the quality of the latent print. Asked about a firearm found near the scene in this case, the witness did not know whether the firearm was examined for latent prints and whether any were found.
In closing argument on the possession charge, defense counsel sought to argue that the State failed to provide any evidence that defendant possessed any firearm or that defendant’s fingerprints were revealed on the weapon found nearby. He also contended that because there was no evidence of any latent fingerprint investigation, he was deprived of the opportunity to clear his name. The State objected to defendant’s argument about possession of a firearm and the lack of fingerprints, saying that the jury had already found defendant in actual possession of the firearm in its verdict on the first two charges. The court sustained the State’s objection, saying “[tjhey’ve already heard that part of the testimony.” Defendant was convicted of the possession charge and argues prejudicial error in the exclusion of evidence and argument as to his possession of a firearm during the trial on that charge.
The State supports its trial objection with Walters v. State, 933 So.2d 1229 (Fla. 3d DCA 2006), and Jackson v. State, 881 So.2d 711 (Fla. 3d DCA 2004). Neither is apt for this case because the defendant in both of those cases was first found guilty of the armed robbery charge with an attendant explicit interrogatory finding possession. See Jackson, 881 So.2d at 716 (“The jury’s verdict established that the defendant possessed a firearm. On the charge of possession of a firearm by a convicted felon, the only remaining issue was whether the defendant was a convicted felon.” [e.s.]). Walters, 933 So.2d at 1231 (“It was error for the trial court to make the factual determination, over the defendant’s objection, that the defendant was guilty of the offense of possession of a firearm by a convicted felon. The fact that the defendant possessed a firearm was established by the verdict in phase one. However, the jury did not make a finding that the defendant was a convicted felon.” [e.s.]). Here the jury acquitted defendant of the armed robbery charge. The issue thus turns on the role and effect of the special interrogatory verdict in the first trial.
*93 Defendant argues that the special interrogatory finding possession of a firearm is inconsistent with its acquittal on the charge of armed robbery. In Redondo v. State, 408 So.2d 954 (Fla.1981), the court vacated as legally inconsistent a conviction for possession of a firearm during the commission of a felony coupled with the jury’s acquittal of the felony, aggravated battery and attempted aggravated battery charges. In Gonzalez v. State, 440 So.2d 514 (Fla. 4th DCA 1983), we held that possession of a firearm is not a necessary element of robbery with a firearm; therefore the jury’s acquittal of the possession charge did not create an inconsistency with the same jury’s conviction of the armed robbery charge.
In State v. Powell, 674 So.2d 731, 733 (Fla.1996), where the court held that inconsistent verdicts against a single defendant on interlocking charges are not permitted, the court explained that the possibility of a wrongful conviction in such cases outweighs any rationale for allowing such verdicts to stand. Again in Brown v. State, 959 So.2d 218 (Fla. 2007), the court said:
“An exception to the general rule [allowing inconsistent verdicts favoring the defendant] is warranted when the verdicts against a single defendant are truly inconsistent because the possibility of a wrongful conviction in such cases outweighs the rationale for allowing verdicts to stand.”
959 So.2d at 221. Here the jury’s finding of possession of a firearm in connection with its acquittal on the armed robbery charge may appear to be inconsistent but the charges are not interlocking.
One can be found not guilty of armed robbery but nevertheless guilty of possessing a firearm as a convicted felon. The severed charge involved elements found in neither of the first two charges, which themselves involved elements not found in the possession charge. The possession charge was entirely unrelated and independent of them.
But evidence of one critical element of possession by a felon, the fact of prior convictions, is unfairly prejudicial to defendant in trying the charge of armed robbery. State v. Vazquez, 419 So.2d 1088, 1090-91 (Fla.1982). Rule 3.152(a)(2)(A) provides for a separate trial of the prejudicial charge because it promotes “a fair determination of the defendant’s guilt or innocence of each offense.” Once separated under the severance rule, each charge must be considered entirely separately from the other. See Fla. Std. Jury Instr. (Crim.) 3.12(a) (“each crime and the evidence applicable to it must be considered separately and a separate verdict returned as to each. A finding of guilty or not guilty as to one crime must not affect your verdict as to the other crime(s) charged”).
The State has the burden of proving all necessary elements in the severed charge, just as it must do in the principal charges. In this case, possession of the firearm was a “substantive element of the crime of possession of a firearm by a convicted felon” as much as was the prior conviction. See Vazquez, 419 So.2d at 1090. The jury’s answer to the special interrogatory in the first trial was without effect because they were instructed that it “must not affect your verdict as to the other” charge of possession of a firearm by a convicted felon. It therefore could not be used as proof of one of the two critical elements on severed possession charge. His severed trial on the possession charge should have been treated by the trial judge as truly separate trial as to all elements.
The State’s objection to defendant’s proposed argument was that the fingerprint issue was irrelevant because the jury had already found in the first trial that defendant possessed a firearm at some time. Manifestly the argument was relevant, be *94 cause it was one of the very issues to be tried in the severed trial. The trial court’s decision to sustain the objection prevented defense counsel from arguing about the elements of the crime being tried. This was clear error.
The State’s argument that the error was harmless is risible. The error barred defendant entirely from adducing evidence and arguing anything about the foremost element of the possession charge: namely whether there was a firearm associated in some way with him and whether he had possession of it. The possibility that the same jury would likely convict him of the severed charge is not deemed so legally certain that defendant could be denied the opportunity to raise reasonable doubts in the minds of the jury during the trial on the possession charge. The trial court’s ruling created the possibility of a wrongful conviction simply because the jury understood the absence of evidence and argument by defense counsel on the issue as a concession that its previous finding could be substituted for any separate consideration of the unconnected possession issue.
In short I cannot say beyond a reasonable doubt that the error had no effect on the jury. See Goodwin v. State, 751 So.2d 537, 544 (Fla.1999); see also Cooper v. State, 43 So.3d 42 (Fla.2010) (“As we have explained, the applicable test ‘is not a sufficiency-of-the-evidenee, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test.’ Likewise, it is not a strong evidence test. Rather, the test is ‘whether there is a reasonable possibility that the error affected the verdict.’ ” [c.o.]). It is simply impossible to hold the error here had no possible affect on the verdict.