PER CURIAM.
 

 James Adams was tried by jury and convicted of second degree murder, a lesser included offense of the charged premeditated murder. The evidence at trial established that, in the weeks prior to the victim’s death, the defendant and his girlfriend had been staying with the victim, Elijah Brown, in Brown’s hotel room and that all three were drug users. Brown was beaten to death with a four-by-four board and both the defendant’s girlfriend and stepmother testified at trial, implicating the defendant in the murder. In this appeal, Adams contends his conviction must be reversed on two grounds: (1) he was entitled to a mistrial after a juror briefly observed him in shackles, and (2) the trial court erred in permitting the State to play the girlfriend’s taped statement to police. We find neither argument has merit and affirm.
 

 With regard to the jury issue, after individual inquiry, the judge determined one juror briefly observed the defendant in the hallway while the defendant was shackled. The juror indicated the brief sighting would not impact his ability to be fair. Under these circumstances, there was no abuse of discretion in the denial of the defendant’s motion for mistrial.
 
 See, e.g., Knight v. State,
 
 76 So.3d 879 (Fla.2011) (“ ‘[W]e have long held that a juror’s or prospective juror’s brief, inadvertent view of a defendant in shackles is not so prejudicial as to warrant a mistrial.’”) (quoting
 
 Hernandez v. State,
 
 4 So.3d 642, 658 (Fla.2009)).
 

 As for the evidentiary issue, on appeal, the defendant argues the State should not have been permitted to play the girlfriend’s taped statement to police as it was hearsay and not admissible as a prior consistent statement.
 
 See
 
 § 90.801(2)(b), Fla. Stat. (2010) (“A statement is not hearsay if ... the statement is: ... [consistent with the declarant’s testimony and is offered to rebut an express or implied charge against the declarant of improper influence, motive, or recent fabrication.”). This was not the basis for the objection made below and, consequently, the issue has not been preserved for appeal.
 
 See, e.g., Reid v. State,
 
 799 So.2d 394, 398 (Fla. 4th DCA 2001) (“ ‘In order to preserve an issue for appeal, counsel must preserve the issue by making a specific objection to the admission of evidence on the same grounds as raised on appeal.’ ”) (quoting
 
 Tillman v. State,
 
 471 So.2d 32, 35 (Fla.1985)). Moreover, even if the issue had been properly preserved, we conclude that any error in the playing of the taped statement was harmless, i.e., there is no reasonable possibility the error contributed to the verdict.
 
 See, e.g., Cooper v. State,
 
 43 So.3d 42, 43 (Fla.2010) (setting forth the harmless error analysis).
 

 Affirmed.
 

 MAY, C.J., STEVENSON and GROSS, JJ., concur.