PER CURIAM.
Hilton Rodriguez (defendant) appeals his judgments and sentences entered by the trial court after a jury found him guilty of sexual activity with a child 12 years of age or older while in a position of familial or custodial authority,[1] lewd or lascivious molestation of a child 12 to 15 years old,[2] and contributing to the delinquency or dependency of a child.[3] Determining that the trial court erred by admitting irrelevant evidence of the defendant’s collateral crimes or bad acts, we reverse and remand for a new trial.
The State presented the testimony of the victim’s mother, who was the defendant’s girlfriend. On re-direct, the prosecutor asked the girlfriend about the defendant’s handling of financial documents. The defendant objected on the ground of relevancy:
PROSECUTOR: Can you tell us regarding any financial documents that he might have been handling at one point that caused you concern?
[[Image here]]
DEFENSE COUNSEL: I’d object to relevancy on that.
PROSECUTOR: Your Honor, it’s wholly relevant based on his cross-examination.
THE COURT: I’ll overrule the objection.
PROSECUTOR: What is your understanding as to some of the financial documents [the defendant] had handled in the past?
WITNESS: Well, I know that when he was buying the Mercedes, that he forged some documents as far as what his income was. I didn’t stand over him and watch everything he was doing, but I saw him doing a lot of copying and pasting. He bragged about how he was forging the document.
The trial court erred in overruling the objection. When the defendant objected to the relevance of the prosecutor’s question, the burden shifted to the State to show that the anticipated answer would be relevant. See Herzog v. State, 439 So.2d 1372, 1377 (Fla.1983). The prosecutor’s response that the answer would be relevant based on defense counsel’s cross-examination did not meet that burden, because there was nothing in the girlfriend’s cross-examination suggesting that testimony about financial documents would be relevant. The State properly concedes that this evidence of the defendant’s collateral crimes or bad acts was inadmissible, but argues that the testimony was so irrelevant that it was harmless. We disagree.
“Evidence that suggests a defendant has committed other crimes or bad acts can have a powerful effect on the results at trial.” Bozeman v. State, 698 So.2d 629, 631 (Fla. 4th DCA 1997). “The erroneous *746 admission of evidence of collateral crimes is presumptively harmful.” Downs v. State, 40 So.3d 49, 53 (Fla. 5th DCA 2010). “The State has the burden of demonstrating beyond a reasonable doubt that the error did not contribute to the verdict.” Id.
The State’s evidence was not overwhelming. The alleged victim testified that the defendant had sexually molested her, but there was little physical evidence supporting her testimony. Further, although the State now argues that the forgery evidence was insignificant and thus harmless, the prosecutor below apparently believed otherwise because he chose to refer to it in closing argument. During the rebuttal portion of his closing, the prosecutor reminded the jury:
You know what also wasn’t charged on was fraud or forgery. All that came out, too. It came out that — she testified that he was actually bragging about financial documents that he was able to cut and paste here and there and fabricate something himself. That was never charged on, but it came out.
The prosecutor’s reference to this irrelevant testimony during only the rebuttal portion of his closing contributed to its harmfulness, since the defendant had no opportunity to respond to those comments.
REVERSED and REMANDED.
SAWAYA, PALMER and EVANDER, JJ., concur.

. See § 794.01 l(8)(b), Fla. Stat. (2009).

. § 800.04(5)(a), (c)2.

.§ 827.04(l)(a).