IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JONATHON GLEN
HARRELSON,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

   Appellant,

v.

CASE NO. 1D12-4187

STATE OF FLORIDA,

   Appellee.

_____/

Opinion filed September 12, 2014.

An appeal from the Circuit Court for Gadsden County.
Jonathan E. Sjostrom, Judge.

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

   Jonathon Glen Harrelson appeals his conviction and sentence for lewd, lascivious or indecent assault on a child under 16 years of age. He argues that (1) he was convicted for conduct that was not proscribed at the time the conduct allegedly occurred, (2) the trial court erred by admitting collateral crime evidence

without first finding it clear and convincing, and (3) the trial court erred by denying his post-verdict motion for mistrial after one juror indicated she did not agree with the guilty verdict. We affirm on the first and third issues, but reverse on the second issue for the reasons discussed below.

In 2008, the State filed an Amended Information in Gadsden County, Florida, charging that Harrelson

> On various occasions between February 15, 1995, and August 1, 1998, did unlawfully handle, fondle or make an assault in a lewd, lascivious, or indecent manner upon L.A., a child under sixteen years of age, by Touching in a Lewd or Lascivious Manner the Genitals, Genital Area, or Buttocks of L.A. or Enticed the Child to so Touch Him, contrary to Section 800.04(1), Florida Statutes.

The State timely filed a Notice of Evidence of Other Crimes stating it intended to introduce evidence showing that during the same time period, Harrelson committed similar acts on the same victim in Gulf County, Florida.

Before commencing trial, the court considered the admissibility of the collateral crime, or *Williams*[1] rule, evidence. *See* § 90.404(2)(b)1., Fla. Stat. (providing that in child molestation prosecutions, evidence a defendant has committed other acts of child molestation is admissible "and may be considered for its bearing on any matter to which it is relevant"). The State explained the victim would testify to an incident during which Harrelson grabbed her hand and made

---

[1] *Williams v. State*, 110 So. 2d 654 (Fla. 1959).

her touch his penis.  The incident allegedly occurred at Harrelson's mother's home in Wewahitchka while Harrelson, the victim and her younger half-brother (Harrelson's son with the victim's mother) were spending the night, and the victim was sleeping on a pull-out couch.  Defense counsel argued that under *McLean v. State*, 934 So. 2d 1248 (Fla. 2006), the trial court was required to first determine whether the evidence of a collateral crime was clear and convincing, and if so, then to determine, under section 90.403, Florida Statutes, if the danger of unfair prejudice to Harrelson would substantially outweigh the probative value of the evidence.  Interestingly, counsel suggested it would be more efficient—and possibly would avoid "having a mini trial"—if the trial court were to assume, initially, the evidence was clear and convincing, and proceed with the 90.403 analysis.  The court obliged, and ruled it would not exclude the collateral crime evidence because of its "substantial similarity" to the charged conduct.  But then the court further ruled it need not make a finding of clear and convincing evidence because the collateral crime involved the same victim, the same conduct and the same timeframe as the charged offense.  The victim was permitted to testify at trial about the Wewahitchka incident, telling the jury it was the first time Harrelson molested her.  Only then was Harrelson able to cross-examine the victim and put on a witness—his mother—who testified, though not unequivocally, that the pull-out couch in question had been given away before the alleged incident.

3

The trial court in this case erred in failing to find clear and convincing evidence of the collateral crime before admitting the evidence at trial.[2] "[B]efore even considering whether to allow evidence of prior acts to be presented to the jury, the trial court *must find* that the prior acts were proved by clear and convincing evidence." *McLean*, 934 So. 2d at 1262 (emphasis added). This is so even if the collateral incident involves the same victim, contrary to the trial court's ruling in this case. *See, e.g.*, *Elmer v. State*, 114 So. 3d 198, 204-5 (Fla. 5th DCA 2012) (instructing trial court on remand to make requisite clear-and-convincing finding before considering whether, in retrial of defendant on charges of sexual battery on a child less than twelve years old, to admit collateral evidence of defendant's continued sexual abuse of victim after she turned twelve); *Downs v. State*, 40 So. 3d 49, 53 (Fla. 5th DCA 2010) (stating evidence defendant molested same victim subsequent to charged sexual battery, though incorrectly admitted as inextricably intertwined with the battery, may have been admissible under section 90.404(2)(b)1., but "the trial court then would have been required to find that the

---

[2] We decline the State's invitation to make the *McLean* clear-and-convincing finding ourselves in the first instance. Although the State has given us case law indicating federal circuit courts of appeals do so, we know of no similar authority for Florida's appellate courts. In any event, the record does not enable such a finding by this court for there is no proffered testimony for us to consider. We also reject the State's contention that the collateral crime evidence was alternatively admissible as inextricably intertwined with the charged crime.

4

[subsequent] acts were proved by clear and convincing evidence"); *Wightman v. State*, 982 So. 2d 74, 76 (Fla. 2d DCA 2008) (same).

"It is well-settled that the erroneous admission of collateral crimes evidence is presumptively harmful and may be found harmless only if the State establishes that there is no reasonable possibility that the error contributed to the verdict." *Jackson v. State*, 39 Fla. L. Weekly D1217, D1219 (Fla. 1st DCA June 10, 2014) (and cases cited therein). The victim here—23 years old at the time of trial— testified she was seven years old when Harrelson and her mother divorced in January 1996. For more than two years thereafter, she and her half-brother visited Harrelson every other weekend. They usually stayed at the Gadsden County home of Harrelson's father and stepmother where, the victim testified, Harrelson molested her during each visit. She described the acts and surrounding circumstances in detail, though she could not specify the dates on which the acts occurred or how many incidents there were. The visitation and molestation ceased "a few months" before the victim moved with her mother and half-brother to Texas in August 1998. The house the victim remembered staying in was located near a lake; she identified the home when shown a photograph of it. Although the Harrelsons previously lived in another home at a different location, the victim testified the molestation did not occur there.

5

The State's case against Harrelson rested on the victim's credibility. Defense witnesses presented testimony explaining why the alleged molestation did not occur, or could not have occurred, as the victim claimed. The defense also presented arguably unassailable evidence showing that the Harrelsons did not move into their Lake Talquin home until late December 1997. While this evidence did not disprove that Harrelson molested the victim there, it significantly weakened her testimony. Because the victim's credibility was the focal issue in this case, we cannot say there is no reasonable possibility the jury did not factor in the Wewahitchka collateral crime testimony in assessing her credibility and finding Harrelson guilty of the charged acts. *See McLean*, 934 So. 2d at 1263 (approving use of collateral crime evidence admitted under section 90.404(2)(b) to corroborate alleged victim's testimony where identity is not an issue).

That said, we do not believe this conclusion mandates a new trial because the trial court *did* perform the section 90.403 "gatekeeping" analysis required under *McLean*.[3,4] *See id*. at 1261-62. Therefore, we reverse Harrelson's conviction and remand for the trial court to conduct the clear-and-convincing inquiry *McLean* requires. If the State fails to prove the collateral crime, the court shall hold a new trial excluding the collateral crime evidence. *Cf. Henrion v. State*,

[3] Harrelson does not assert otherwise.
[4] The trial court also gave the appropriate cautionary instructions about collateral crime evidence to the jury. *See McLean*, 934 So. 2d at 1262.

895 So. 2d 1213, 1217 (Fla. 2d DCA 2005) (reversing convictions and remanding "for further proceedings which may include a new trial" where trial court admitted *Williams* rule evidence without first requiring State to prove collateral crime by clear and convincing evidence).

REVERSED and REMANDED with directions.


ROWE, MARSTILLER, and RAY, JJ., CONCUR.