# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-928
_____

HORACE MONROE WOOD,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Bay County.
James B. Fensom, Judge.

February 28, 2018

OSTERHAUS, J.

Horace Wood appeals his convictions for sexual battery on a child 12 years of age or younger and lewd or lascivious molestation on a child 12 years of age or younger. He raises six issues on appeal, one of which we find has merit and requires reversal. We otherwise affirm.

At trial, part of the State's evidence was the testimony of two other children, who testified that Mr. Wood had also sexually abused them. Mr. Wood asserted that the evidence was inadmissible, but after holding a pre-trial hearing, the court allowed the State to present the testimony.

In cases of child molestation, "evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is

admissible, and may be considered for its bearing on any matter to which it is relevant." § 90.404(2)(b)(1), Fla. Stat.; *see also Williams v. State*, 110 So. 2d 654 (Fla. 1959). Because of the possible danger of unfair prejudice, the "trial court's gatekeeping function is critical. In every case, the trial court must conduct the weighing required by section 90.403." *McLean v. State*, 934 So. 2d 1248, 1261 (Fla. 2006). However, "before even considering whether to allow evidence of prior acts to be presented to the jury, the trial court must find that the prior acts were proved by clear and convincing evidence." *Id.* at 1262; *Harrelson v. State*, 146 So. 3d 171, 173 (Fla. 1st DCA 2014).

Here, while the trial court properly performed the balancing required by § 90.403 and *McLean*, it failed to make the required finding that the collateral acts were proved by clear and convincing evidence. This defect requires us to reverse. *Harrelson*, 146 So. 3d at 174 (reversing the judgment and sentence where the trial court failed to make the requisite finding that the collateral acts were proved, and declining to make such finding in the first instance). As in *Harrelson*, however, "we do not believe this conclusion mandates a new trial because the trial court *did* perform the section 90.403 'gatekeeping' analysis required under *McLean*." *Id.*

Accordingly, we reverse Mr. Wood's conviction with directions that the trial court conduct the required clear and convincing inquiry. If the State cannot prove the collateral crimes by clear and convincing evidence, then the trial court shall hold a new trial excluding the evidence of the collateral crime or crimes that were not proved. *Id.*

REVERSED and REMANDED.

LEWIS and MAKAR, JJ., concur.

––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––

2

Andy Thomas, Public Defender, and Victor Holder, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.