# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2022-4154

———————————————

CHRISTOPHER LEE GIANINO, SR.,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Madison County.
Melissa G. Olin, Judge.


December 4, 2024

PER CURIAM.

Appellant Christopher Lee Gianino appeals his conviction for sexual battery by a person in familial or custodial authority. He argues that the trial court erred by allowing the admission of similar fact evidence of four other acts of child molestation. He also challenges certain fees and costs imposed by the trial court. We affirm as to the admission of the similar-fact evidence and the imposition of some of the fees. We reverse, however, as to the imposition of the discretionary fine and surcharge.

We review "the admission of collateral crime evidence for an abuse of discretion." *Newman v. State*, 300 So. 3d 360, 363 (Fla. 1st DCA 2020). Because of the possible danger of unfair prejudice, the "trial court's gatekeeping function is critical. In every case, the

trial court must conduct the weighing required by section 90.403." *McLean v. State*, 934 So. 2d 1248, 1261 (Fla. 2006). Because in this case Gianino was charged with sexual battery of a child, *see* § 794.011(8)(b), Florida Statutes, "evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." § 90.404(2)(b)(1), Fla. Stat.; *see also Wood v. State*, 238 So. 3d 924, 925 (Fla. 1st DCA 2018) (citing *Williams v. State*, 110 So. 2d 654, 662 (Fla. 1959) (holding collateral crime evidence admissible if relevant to a disputed material issue)). The probative value of the evidence must be substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, and presenting needless cumulative evidence under § 90.403, Florida Statutes. *McLean*, 934 So. 2d at 1261–62. Also, before admitting the similar-fact evidence, trial courts must find the prior acts credible, the facts distinctly remembered by the witnesses who testified, and the witnesses' testimony sufficiently precise, explicit, and lacking confusion. *Simmons v. State*, 387 So. 3d 486, 489 (Fla. 1st DCA 2024).

In this case, Gianino argues that the testimony of the four witnesses comprised most of the State's case, involved dissimilar and prejudicial content, and deprived him of a fair trial. But we see no abuse of discretion on these issues. The trial court found the testimony of the four witnesses to be clear, convincing, and "almost astounding" in the similarity of how Gianino went about molesting young girls. The court also fairly considered the § 90.403 questions, closely weighing the danger of unfair prejudice versus probative value of the relevant evidence. Although the similar-fact testimony of the witnesses involved multiple incidents, this evidence did not become a feature of the trial that extended beyond the bounds of relevancy as opposed to establishing facts bearing on the issue of his guilt in this case.

Finally, Gianino challenged the court's imposition of the public defender fee, the investigative cost, and the discretionary fine. No problem arises here from the first two categories of fees and costs because the trial court was not required to orally pronounce them, did orally pronounce them, or Gianino affirmatively agreed to pay them, thus waiving his right to a hearing. *See Nix v. State*, 84 So. 3d 424, 426 (Fla. 1st DCA 2012)

(recognizing that trial courts may impose mandatory fees and costs without an oral pronouncement); *Young v. State*, 348 So. 3d 1251, 1251–52 (Fla. 1st DCA 2022) (explaining that competent substantial evidence must support investigative cost unless the defendant affirmatively agrees to pay). However, we agree with Gianino that the discretionary $500 fine and 5% surcharge were neither orally pronounced in open court nor waived. Accordingly, the discretionary fine must be reversed for want of notice and an opportunity to be heard. *See Nix*, 84 So. 3d at 426 ("[D]iscretionary costs must be orally pronounced at sentencing because such costs may not be imposed without affording the defendant notice and an opportunity to be heard.").

AFFIRMED in part, REVERSED in part, and REMANDED.

OSTERHAUS, C.J., and LEWIS and WINOKUR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Jessica J. Yeary, Public Defender, and Pamela Presnell, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Miranda Lee Butson, Assistant Attorney General, Tallahassee, for Appellee.